BRIDGES, Guardian, v. HOWARD & Co.

1. **Partition :** SETTING ASIDE DECREE. When a partition of real estate among the heirs of the owner was made without knowledge that a portion of the property was encumbered by a mortgage, after a foreclosure of the mortgage and a sale thereunder, it was held that an order of the District Court, setting aside the decree of partition, and a second decree, partitioning the remaining lands on the basis of the first, were *not* erroneous.

*Appeal from Decatur District Court.*

WEDNESDAY, DECEMBER 21.

THE facts are stated in the opinion of the court.

*Wainwright* for the appellant.

*Warner & Finch, Clark & Rice,* for the appellees.

LOWE, J. — The case is this : At the March and October Terms, 1863, of the District Court of said county, a decree making partition of S. E. qr. of sec. 20, T. 69, N., R. 25 west, between William, Elmira and Thomas Bradley, minor heirs of Daniel and Marietta Bradley, by their guardian, John Bridges, and the defendants G. W. Howard & Co., was entered ; setting apart $81\frac{78}{100}$ acres, including the improvements, to the plaintiffs, and $78\frac{32}{100}$ acres off of the south side of said quarter, partly improved and partly unimproved. Afterwards it was ascertained that the school-fund commissioner of said county had a mortgage of $100.00, for money loaned to Daniel and Marietta Bradley, on the S. E. qr. of said quarter section, being a part of land set apart as aforesaid to the defendants, except a fraction of an acre. At the October Term, 1863, of said court, this mortgage was foreclosed, and the mortgaged premises subsequently sold at sheriff sale to one John R. Wharton for $195.00. The existence of this

*[margin note: 1. PARTITION : setting aside decree.]*

mortgage was unknown to any of the parties at the time of the partition aforesaid.

At the March Term, 1864, the defendants petitioned the court, for the reason above stated, to have the decree of partition set aside, and a new partition made of the remaining one hundred and twenty acres of said land upon the same general basis of the former partition, and upon hearing the parties, all being before the court, it was so ruled and decreed, and the matter was referred to the same commissioner. From this order the plaintiffs appeal. We are not prepared to say that in this there was any error. It is quite apparent that the first decree of partition was made under the conviction that there was no incumbrance upon the land, otherwise the usual statutory provision would have been made for it. Under the circumstances, we shall

Affirm.